IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.S., as parent and next friend of F.S. a minor, ) | |
| ) | |
| Plaintiff, ) | Case No. 22 C 4745 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| BOARD OF EDUCTION FOR DESPLAINES ) | |
| SCHOOL DISTRICT #62, DR. PAUL HERTEL, ) | |
| and ANIA FIGUEROA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff A.S. as parent and next friend of her son minor F.S., has brought a two-count amended complaint ("complaint") against defendants Board of Education for Des Plaines School District #62, Dr. Paul Hertel and Ania Figueroa seeking to "redress acts of bullying and the sexual assault against F.S. by other students that occurred on school premises and a school bus." Count I, brought pursuant to 42 U.S.C. § 1983, alleges a violation of F.S.'s right to bodily integrity in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. Count II alleges a violation of Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 et seq. Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons explained below, the motion is granted in part and denied in part.

**BACKGROUND**[1]

According to the complaint, during the relevant time period F.S. was a student at Forest School, which is within the Des Plaines School District # 62 (the "District"). Defendant Dr.

---

[1] The background facts are taken from the complaint and are assumed true for purposes of resolving the instant motion. Adam v. Miller Brewing Co., 709 F.3d 662, 665-66 (7th Cir. 2013).

Hertel was employed by the Board of Education ("Board") for the district as the superintendent. Figueroa was employed as the principal of Forest School.

The complaint alleges the F.S. was "bullied and sexually assaulted for the first time when he was in second grade. He did not tell anyone about this assault until February 25, 2020, when he sent a note to his third-grade teacher, Ms. Sampson. Sampson and Figueroa emailed F.S's parents, indicating that another student, Julian, sexually assaulted F.S. in school and that Figueroa would "take care of it." Despite the email, Figueroa took no action.

On March 4, 2020, F.S. was stabbed with a pencil by a student. The parents reported this incident to the Board and Dr. Hertel. One year later, Matt Peebles, the school's fourth grade teacher, sent an email to F.S.'s parents indicating that several other students dragged F.S. into a corner of the playground and kicked, punched, and pulled his penis. The parents reported this incident to Dr. Hertel and the Board. After reporting these incidents, the parents learned from other staff members that other students beside Julian were physically and verbally abusing F.S. None of these students were ever disciplined.

At the parents' request, F.S. transferred to Iroquois School for fifth grade. On May 10, 2022, Iroquois Principal Kelly Krueger informed the parents that F.S. had been the victim of continued verbal and physical attacks by other students, including a student grabbing F.S.'s crotch and penis. Some of these attacks occurred in school and some on the bus. Krueger reported these incidents to Dr. Hertel, but Hertel never reported the incidents to the Board. Other than moving Julian's classroom seat assignment, defendants took no other action to protect F.S.

**DISCUSSION**

Defendants have moved to dismiss both counts under Fed. R. Civ. P. 12(b)(6). Such a motion challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Count I is brought under § 1983, which "provides a remedy for violations of federal rights committed by persons acting under color of state law." First Midwest Bank v. City of Chi., 988 F.3d 978, 986 (7th Cir. 2021). To state a § 1983 claim, a plaintiff must allege a deprivation of a right secured by the Constitution or laws of the United States. Id. In the instant case, plaintiff alleges defendants violated F.S.'s substantive due process right to bodily integrity under the Fourteenth Amendment.

F.S. undoubtedly has a liberty interest in his own physical safety and bodily integrity. See Doe v. School District U-46, 557 F.Supp.3d 860, 871-72 (N.D. Ill. 12021). Plaintiff does not allege, however, that any of the defendants personally deprived F.S. of that interest. Instead, plaintiff alleges that F.S. was deprived of that interest because defendants failed to protect him from the bullying and sexual assaults of other students. But, as the Supreme Court has noted, "nothing in the language of the Due Process Clause itself requires the State to protect the life,

3

liberty, and property of its citizens against invasion by private actors." DeShaney V. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989). The Clause is a limitation on the State's power to act. "Its purpose was to protect the people from the State, not to ensure that the State protected them from each other." Id. at 196. Thus, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Id.

Deshaney recognized two limited exceptions to the general rule that the State is not required to protect people from each other. Under the first, often called the special or custodial relationship exception, the state has an affirmative duty to provide for the safety of a person it has taken into custody involuntarily. Id. at 199-200. The duty arises from the State's affirmative act of restraining the individual's freedom to act on his own behalf, which is the deprivation of liberty that triggers the Due Process Clause, not its failure to act to protect the individual's liberty interests against harms inflicted by other means. Id. at 200.

Plaintiff argues that this exception applies because the State has passed an in loco parentis statute, creating a special relationship between defendants and F.S. The court disagrees. For the special relationship or custodial relationship to apply, "the individual must be involuntarily taken into custody by the state." Stevens v. Umsted, 131 F.3d 697, 202 (7th Cir. 1997). In the instant case, the state never took custody of F.S. He was voluntarily admitted to defendants' care. F.S.'s parent could have requested that F.S. be discharged at any time. See School District U-46, 557 F.Supp.3d at 872. Moreover, while the state may have acquired a duty under state law to provide F.S. with adequate protection, the instant claim "is based on the

4

Due Process Clause of the Fourteenth Amendment, which, as we have said many times, does not transform every tort committed by a state actor into a constitutional violation." DeShaney, 489 U.S. at 202.

Plaintiff next argues that the second exception, the state created danger exception, applies. Under this exception, "a plaintiff must show that the state affirmatively placed him in a position of danger and that the state's failure to protect him from that danger was the proximate cause of his injury." First Midwest Bank, 988 F.3d at 988. The exception is narrow, and "[o]nly the most egregious official conduct will satisfy this stringent inquiry." Doe A v. Plainfield Community Consolidated School Dist. 202, 2022 WL 170047 at * 2 (N.D. Ill. Jan. 19, 2022) (quoting Jackson v. Indian Prairie Sch. Dist 204U, 653 F.3d 647,654 (7th Cir. 2011)). For the exception to apply, the state must have done something that "turned a potential danger into an actual one, rather than that it just stood by and did nothing to prevent violence." Id. (quoting Spruill as next friend of D.N. S. v. Bd. of Educ. Of City of Chi., 2021 WL 1387949 at *3 (N.D. Ill 2021)).

In the instant case, plaintiff's allegations are that defendant's failed to act to protect F.S. Plaintiff tries to argue that defendants affirmatively acted to create the danger by repeatedly placing F.S. back on the same bus and giving him the same locker and classroom. But that allegation amounts to arguing that defendants failed to prevent the alleged danger. Indeed, plaintiff argues "[a]ll the defendants had to do was 1) remove the attackers from FS's environment or 2) supervise FS on the playground or 3) on the bus." That is an allegation that defendants stood by and did nothing to prevent violence.

As noted in Doe v. Plainfield, "courts have held routinely that a school's failure to prevent student-on-student harassment, assault, and bullying is not a state-created danger." 2022 WL 170047 at * 4 (and cases cited therein). Plaintiff's entire complaint focuses on defendants' failure to act, which is not the same as creating or increasing the risk of harm. Consequently, the court concludes that the state created danger exception does not apply and Count I is dismissed.

Count II asserts a claim against the Board under Title IX. School Boards that receive federal funding can be sued under Title IX by victims of student-on-student sexual harassment. Davis ex rel. LaShonda D. v. Monroe County Bd. of Educ., 526 U.S. 629, 648 (1999). To bring such a claim, plaintiff must allege that: 1) the school or school officials had actual knowledge of sex-based harassment; 2) the harassment was so severe, pervasive and objectively offensive that it can be said to deprive the victim of access to educational opportunities or benefits provided by the school; and 3) the school must have been deliberately indifferent to the harassment. Jauquet v. Green Bay Area Catholic Educ., Inc., 996 F.3d 802, 808 (7th Cir. 2021). Because Title IX does not allow for vicarious liability, plaintiff must allege that a school official with authority to institute corrective measures had actual knowledge of, and was deliberately indifferent to, the harassment. Plaintiff must also allege that the educational institution received federal funding. Doe v. Bd. of Educ. Of City of Chi., 611 F.Supp. 3d 516, 527 (N.D. Ill. 2020).

In the instant case, there is no dispute that the harassment was sever and based on sex. Defendants argue that plaintiff has not alleged that any school official with authority to take corrective measures had actual notice of and was deliberately indifferent to alleged sexual misconduct. The court disagrees. The complaint clearly alleges that principal Figueroa and Dr.

6

Hertel were made aware of the alleged sexual abuse and took no action. Principal Figueroa was undoubtedly in a position to take corrective measures. Consequently, the court concludes that Count II states a claim.[2]

Finally, Count III purports to assert a claim under Illinois law for intentional infliction of emotional distress. It fails to identify against whom it is brought, lumping all the defendants together, and seeks damages against someone named Davis who is not and has never been a defendant in the case. Because it is unclear against whom the claim is asserted, the court is unable to determine whether it states a claim. Consequently, Count III is dismissed.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss [15] is granted as to Counts I and III and denied as to Count II. Plaintiff is directed to file an amended complaint consistent with this opinion, by April 21, 2023, adding an allegation that the District receives federal funding, if she can do so within the requirements of Fed. R. Civ. P. 11. Defendants are directed to answer that complaint by May 15, 2023. The parties are directed to file a joint status report using this court's form by May 22, 2023.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:    March 31, 2023**

---

2 Defendants correctly note that the complaint fails to allege that the District receives federal funding. The court assumes this was an oversight and directs plaintiff to file an amended complaint adding that allegation. The court notes that defendants have not argued that the District does not receive such funding.