**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| A.S., as parent and next of friend of F.S., a minor, | |
| Plaintiff, | |
| v. | Case No. 22 C 4745 |
| Board of Education for DesPlaines School District #62, Dr. Paul Hertel, and Ania Figueroa, | Hon. LaShonda A. Hunt |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff A.S., as parent and next of friend of her minor son, F.S., filed this lawsuit against the Board of Education for Des Plaines School District #62 (the "Board"), Dr. Paul Hertel ("Superintendent Hertel"), Superintendent of Des Plaines School District #62 ("District #62"), and Ania Figueroa ("Principal Figueroa"), Principal of Forest School in District #62 (collectively, "Defendants"). Plaintiff alleges that F.S. was repeatedly bullied and sexually assaulted by other students and Defendants failed to take appropriate actions to protect him. Plaintiff's Second Amended Complaint ("SAC") [21] asserts claims for violation of Title IX (Count I), intentional infliction of emotional distress ("IIED")[1] (Count II), and failure to protect (Count III). Defendants answered Count I and moved to dismiss Counts II and III under Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendants' partial motion to dismiss [25] is denied.

---

[1] Although Count II of the SAC is labeled a claim for intentional infliction of severe emotional distress, that is not a distinct cause of action under Illinois law. Nevertheless, courts have analyzed those claims under the same elements required to prove intentional infliction of emotional distress. *See, e.g.*, *Buchmeier v. City of Berwyn*, No. 14C6750, 2015 WL 4498742, at *6 (N.D. Ill. July 23, 2015).

## BACKGROUND

### I.      Procedural History

Plaintiff initiated this action in 2022, asserting federal claims under 42 U.S.C. § 1983 and Title IX in addition to various state law claims. (Dkt. 1). After Defendants filed a Rule 12(b)(6) motion to dismiss the complaint, Plaintiff was granted leave to file an amended complaint. (Dkt. 12). The first amended complaint ("FAC") alleged violations of section 1983 and Title IX, along with willful and wanton IIED. (Dkt. 13). Again, Defendants moved to dismiss the FAC for failure to state a claim. (Dkt. 15). On March 31, 2023, Judge Gettleman[2] denied their motion as to the Title IX claim but granted it as to the section 1983 and IIED claims. (Mem. Op. and Ord., Dkt. 20). In dismissing the section 1983 claim, Judge Gettleman found that neither the *in loco parentis* statute nor the state-created danger exception applied; thus, Defendants had no duty to protect F.S. from misconduct by other students. (*Id*. at 4-6). He further found Plaintiff's pleading of the IIED claim deficient, as Plaintiff did not even identify against whom the claim was brought. (*Id*. at 7). Plaintiff subsequently filed the SAC that is presently before the Court, with the same Title IX claim, an amended IIED claim, and an additional claim for failure to protect under Illinois law. (Dkt. 21).

### II.     Factual Allegations

The Court assumes familiarity with Judge Gettleman's prior ruling on the FAC which includes a detailed recitation of the relevant facts in this case. *See* Dkt. 20. Therefore, the Court will briefly summarize facts pertinent to this decision only.[3]

---

[2] This case was reassigned to the calendar of Judge Hunt on June 2, 2023. (Dkt. 27).

[3] The factual allegations in Plaintiff's FAC and SAC are nearly identical.

F.S. experienced multiple incidents of bullying and sexual assault by other students over several years and in different locations on school premises and the school bus. For example, the SAC alleges that:

- While in the second grade, F.S. was bullied and sexually assaulted at lunch and recess, by the school lockers, and in music class by a student named "Julian." (SAC ¶¶ 17-18).

- On March 4, 2020, F.S. was stabbed with a pencil by another student. (SAC ¶ 19).

- On March 12, 2021, several students dragged F.S. into a corner of the playground where they kicked and punched him and pulled his penis. (SAC ¶ 20).

- While in the fifth grade, F.S. experienced verbal and physical attacks by other students in school and on the school bus, including a student grabbing his crotch and penis. (SAC ¶¶ 25-26).

The SAC further alleges that F.S.'s third-grade teacher Ms. Sampson[4], his fourth-grade teacher Mr. Matt Peebles, and other District #62 employees, including Principal Figueroa, Superintendent Hertel, and Iroquois School Principal Ms. Kelly Krueger ("Principal Krueger"), were aware of these incidents. Additionally, F.S.'s parents reported several incidents of bullying and sexual assault, including the March 2020 and March 2021 incidents, directly to Superintendent Hertel and the Board, but no students were disciplined for their actions. Furthermore, Plaintiff alleges Defendants took no action to stop the attacks or to protect F.S. from further abuse, other than moving one student's classroom seat assignment away from F.S. Plaintiff asserts that Defendants were indifferent to reports of bullying and sexual assault, which resulted in physical and emotional harm to F.S.

## LEGAL STANDARD

Rule 12(b)(6) permits a party to move for dismissal based on the opposing party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether

---

[4] The SAC does not state Ms. Sampson's first name.

a complaint states a claim, courts must accept all non-conclusory factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the Court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Levy v. W. Coast Life Ins. Co.*, 44 F.4th 621, 626 (7th Cir. 2022). Applying these principals, a complaint will survive a motion to dismiss if it "states a plausible claim for relief." *Ashcroft*, 556 U.S. at 679 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To state a plausible claim for relief, a complaint must "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679. The movant has the ultimate burden to show that dismissal is warranted. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## DISCUSSION

Defendants contend that Count II (IIED) and Count III (failure to protect) of the SAC must be dismissed with prejudice because Plaintiff fails to allege the essential elements of the claims and Defendants are immune from liability under the Local Government and Governmental Employees Tort Immunity Act (745 ILCS 10) ("Tort Immunity Act").[5] (Mem. in Supp. of Defs.' Mot. at 1, 10, Dkt. 26). Defendants also contend that Superintendent Hertel and Principal Figueroa are improper defendants. (*Id.* at 3). Having considered the arguments of the parties, the Court finds that Plaintiff has sufficiently alleged plausible claims for IIED and failure to protect against all Defendants, and at this early stage of the case, it would be premature to decide whether the Tort Immunity Act bars either claim.  Furthermore, the individual defendants may be sued in an individual capacity, but not an official capacity.

---

[5] Notably, Defendants did not raise any arguments regarding the Tort Immunity Act in their prior motion to dismiss the FAC (Dkt. 16).

## I.    <u>Intentional Infliction of Emotional Distress (Count II)</u>

"To state an actionable IIED claim under Illinois law, a plaintiff must allege that '(1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to inflict severe emotional distress (or knew that there was at least a high probability that [his or her] conduct would inflict severe emotional distress); and (3) the defendant's conduct did in fact cause severe emotional distress.'" *Pinkston v. Bd. of Educ. of City of Chi.*, No. 19C6477, 2023 WL 6392302, at *7 (N.D. Ill. Oct. 2, 2023) (quoting *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017)). "To qualify, a defendant's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized society." *Id.* (internal quotation omitted). Defendants argue that Plaintiff fails to allege sufficient facts to demonstrate that their actions were extreme and outrageous. The Court disagrees.

Here, Plaintiff alleges that her minor son was bullied and sexually assaulted on numerous occasions from the time he was in second grade until fifth grade. (SAC ¶¶ 17-20, 22, 26). Specifically, F.S. was kicked, punched, dragged, stabbed with a pencil, verbally abused, and his genitals were repeatedly touched. (*Id.*) The abuse occurred at lunch, on the playground, in music class, by the lockers, and on the school bus. (*Id.*) F.S.'s parents and other school officials reported the ongoing abuse to Superintendent Hertel and the Board. (*Id.* ¶ 21-23, 27). Despite repeated complaints over a period of several years, Principal Figueroa, Superintendent Hertel, and the Board failed to take any action to stop the attacks or protect F.S. from further abuse, other than moving one student's classroom seat assignment away from F.S. (*Id.* ¶ 29). Taking all well-pleaded allegations as true, Plaintiff has plead facts sufficient to plausibly allege that Defendants' failure to act in the face of numerous complaints of misconduct over an extended period was extreme and outrageous. *See Doe v. Sperlik*, No. 05C1277, 2005 WL 3299818, at *6 (N.D. Ill. Nov. 30, 2005)

("Deliberate indifference to repeated complaints of sexual misconduct can form the basis for an emotional distress claim."); *Brookman ex rel. A.B. v. Reed-Custer Cmty. Unit, Sch. Dist. 255-U*, No. 18C7836, 2019 WL 4735395, at *6 (N.D. Ill. Sept. 27, 2019) (finding plaintiff plausibly alleged IIED where "complaint could be read to imply that defendants, by failing to intervene, permitted other players to sexually assault A.B. in their presence.").

Next, Defendants argue that the IIED claim is barred by Section 2-201 of the Tort Immunity Act. "Section 2-201 immunizes public employees from liability where the injury claimed is based on a discretionary policy decision." *Doe I v. Bd. of Educ. of City of Chi.*, 364 F. Supp. 3d 849, 866 (N.D. Ill. 2019) (citing 745 ILCS 10/2-201). "Where section 2-201 is satisfied such that a public employee would not be liable, the local public entity that employs her is likewise immune from liability under section 2-109 of the [] Tort Immunity Act." *Murphy v. Vill. of Plainfield*, No. 08C3293, 2009 WL 900766, at *6 (N.D. Ill. Mar. 31, 2009) (citing 745 ILCS 10/2-109).

Illinois courts apply a two-part test to determine whether Section 2-201 immunity applies. *Doe I*, 364 F. Supp. 3d at 866. First, the employee must "hold either a position involving the determination of a policy or a position involving the exercise of discretion." *Id*. Second, the employee "must also have engaged in both the determination of policy and the exercise of discretion when performing the act or omission from which the plaintiff's injury resulted." *Id*. "Policymaking entails those judgments which require the defendant to balance competing interests and to make a judgment call as to what solution will best serve each of those interests." *Brookman ex rel. A.B.*, 2019 WL 4735395, at *3 (internal quotations omitted). "Discretionary acts are those that are unique to a particular public office, whereas ministerial acts are those that a person performs on a given set of facts, in a prescribed manner, in accordance with a mandate of legal

6

authority, and without reference to the official's discretion as to the propriety of that act." *Id.* (internal quotations omitted).

"[A]pplication of Section 2-201 is an affirmative defense, so defendants have the burden of proof on the issue and plaintiffs need not address it in their complaint." *Doe v. Sch. Dist. U-46*, 557 F. Supp. 3d 860, 877 (N.D. Ill. 2021) (internal quotations omitted). "As a result, and due to the fact-intensive nature of the necessary analysis, courts often refuse to grant immunity under Section 2-201 at the motion-to-dismiss stage." *Id.*; *see also Doe v. Thorton Twp. High Sch. Dist. 205 Bd. of Educ.*, No. 19C7477, 2021 WL 1172608, at *7 (N.D. Ill. Mar. 29, 2021) ("[C]ourts typically defer decisions regarding discretionary immunity under Section 2-201 until the parties have developed a full factual record that illuminates which of employees acted and whether those actions qualify as discretionary policy decisions."); *Sterling v. Bd. of Educ. of Evanston Twp. High Sch. Dist. 202*, No. 19C5599, 2021 WL 809763(N.D. Ill. Mar. 3, 2021) ("[D]eciding whether Section 2-201 applies is a fact-specific inquiry and can be done only on the particular facts established in a particular case.); *Doe ex rel. Doe v. White*, 627 F. Supp. 2d 905, 923-24 (C.D. Ill. 2009) (declining to grant motion to dismiss based on Section 2-201 because an "important decision," like barring all of the minors' tort claims, deserves a fully developed factual record).

Here, Plaintiff's theory of liability is that "Defendants fail[ed] to take reasonable actions to stop the bullying inflicted on F.S. . . .when they had knowledge of the serious consequences of these acts on F.S." (SAC ¶ 56). While the SAC includes the job titles of those who allegedly failed to act, the Court does not have before it any information about the scope of their job duties. Without those details, "it is not possible to evaluate whether each of the defendants had discretion to decide the manner in which complaints of bullying or abuse should be handled, or whether the decisions they made were unique to the positions they held." *Sch. Dist. U-46*, 557 F. Supp. 3d at 878. Nor

7

does the SAC state that Defendants had discretion regarding their response to a student suffering from depression and anxiety. In other words, Plaintiff has not plead herself out of court on this issue. Additional facts are necessary regarding Defendants' response (or lack thereof) to reports of bullying, sexual assault, and severe emotional distress to determine whether Section 2-201 applies. Accordingly, at this juncture of the case, Count II (IIED) of the SAC may proceed.

## II.    Failure to Protect (Count III)

Plaintiff alleges Defendants had a duty to protect F.S. that they breached. (SAC ¶¶ 58-60). Plaintiff asserts that Defendants' duty to protect arises under the *in loco parentis* statute (105 ILCS 5/24-24)[6] and because Defendants had actual knowledge of the bullies' conduct and its effects on F.S. (SAC ¶¶ 58-59). In response, Defendants argue that, even considering the *in loco parentis* statute, no third person has a duty to protect a third party absent a special relationship. Additionally, Defendants argue that Plaintiff fails to plead facts to establish that Defendants had unique knowledge that a particular student was a threat to F.S.

Defendants are correct that, under Illinois law, generally a person has no duty to act affirmatively to protect another from misconduct by a third person absent a special relationship. *Iseberg v. Gross*, 277 Ill.2d 78, 87 (2007). However, "Illinois courts have recognized that some relationships between public school districts and their students create a duty to protect, but only under certain circumstances." *Doe I*, 364 F. Supp. 3d at 869 (citing *Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Dir.*, 593 F.3d 507, 514 (7th Cir. 2010)). "In particular, a school district with unique knowledge that one of its teachers or students poses a particular threat to another student may acquire a duty to protect." *Id*. Plaintiff alleges Principal Figueroa was aware that F.S. was

---

[6] Section 24–24 provides that teachers and other educational employees must "maintain discipline" in schools and on school grounds. Section 24–24 further provides that teachers and other educational employees "stand in the relation of parents and guardians to the pupils" in matters relating to discipline.

being bullied and sexually assaulted by another student, "Julian," and that she and school officials told Superintendent Hertel and the Board on multiple occasions about the abuse. (SAC ¶¶ 18, 21, 22, 23, 27). Such allegations are sufficient to plausibly suggest that Defendants had unique knowledge of a particular threat posed to F.S. *See Sch. Dist. U-46*, 557 F. Supp. 3d at 878 (finding plaintiffs plead the existence of a duty based on unique knowledge where plaintiffs alleged they reported to defendants multiple times that a student was being bullied, including by a particular student). Accordingly, Plaintiff has stated a claim in Count III.[7]

Defendants also argue that the Tort Immunity Act bars Plaintiff's failure to protect claim as it seeks to address "the discretionary actions of Defendants with respect to an internal investigation and implementation of District policies related to bullying." (Dkt. 26 at 13). However, as discussed *supra*, "courts often refuse to grant immunity under Section 2-201 at the motion-to-dismiss stage." *Sch. Dist. U-46*, 557 F. Supp. 3d at 877. That holds true for this claim.

Plaintiff alleges that Defendants, Principal Krueger, and teachers, Ms. Sampson and Mr. Peebles, were aware of the bullying and sexual assaults. But because the SAC is silent on the scope of their individual job duties, it is not possible for the Court to determine whether Defendants or the other District #62 employees had discretion regarding how to handle the bullying and sexual assault of F.S. *See Sch. Dist. U-46*, 557 F. Supp. 3d at 878. The parties' own arguments further highlight the need for this dispositive question to be resolved on a fully developed factual record. For example, Defendants argue that "decisions with respect to implementation and enforcement of [District #62's] bullying policy involves balancing how to best protect the rights of F.S. with those other students . . . while creating the least disruptive educational environment for all

---

[7] Because the Court finds Plaintiff has sufficiently alleged a duty based on Defendants' unique knowledge of the danger posed to F.S., there is no need to consider whether a duty exists under the in loco parentis statute.

students." (Dkt. 26 at 12). On the other hand, Plaintiff argues that district policy mandates a certain response to bullying. (Pl.'s Resp. at 13, Dkt. 29).

These types of factual disputes cannot be decided at the motion to dismiss stage, where the Court is tasked with assessing only if complaint allegations are sufficient to state a claim. Defendants may develop the factual record in discovery to support their affirmative defense. Because nothing in the SAC indicates one way or another if the Tort Immunity Act is implicated here, it would be premature for the Court to rule. *See Sch. Dist. U-46*, 557 F. Supp. 3d at 878 (declining to decide whether Section 2-201 applied because it was not clear from the complaint what competing interest defendants balanced). Accordingly, Count III (failure to protect) of the SAC may proceed.

### III.    Claims Against Individual Defendants Hertel and Figueroa

Plaintiff named Superintendent Hertel and Principal Figueroa as Defendants in their official and individual capacities. (SAC ¶¶ 52, 64). Defendants correctly state that these defendants cannot be sued in their official capacity because such claims are duplicative of Plaintiff's claims against the Board. *See Chandler v. Bd. of Educ. of City of Chi.*, 92 F. Supp. 2d 760, 764 (N.D. Ill. 2000) (dismissing claims against individual defendants in their official capacities because they "merely restated" claims against the board); *Munoz v. Chi. Sch. Reform Bd. of Bd. of Trustees*, No. 99C4723, 2000 WL 152138, at *8 (N.D. Ill. Feb. 4, 2000) ("Suits against individuals in their official capacity are nothing more than suits against the local government unit itself.") (internal quotations omitted). Thus, Plaintiff's claims against Defendants Superintendent Hertel and Principal Figueroa in their official capacities are dismissed.

The Court reaches two separate conclusions about the claims against these defendants in their individual capacities. First, Title IX claims cannot be brought against an official in their

10

individual capacity. *See Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1019 (7th Cir. 1997) ("[A] Title IX claim can only be brought against a grant recipient and not an individual."). Therefore, to the extent Plaintiff is suing Superintendent Hertel or Principal Figueroa in an individual capacity in Count I (Title IX), any such claims against them are dismissed.[8] On the other hand, Count II (IIED) and Count III (failure to protect) may proceed against Superintendent Hertel and Principal Figueroa in their individual capacity. *See Peck v. W. Aurora Sch. Dist. 129*, No. 06C1153, 2006 WL 2579678, at *8 (N.D. Ill. Aug. 30, 2006) (allowing tort claims to proceed against defendants in their individual capacity); *Munoz*, 2000 WL 152138, at *10 (dismissing all claim against defendants in their official capacity as redundant of claims against the board, but allowing tort claims against defendants in their individual capacity to proceed).

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants' Motion to Dismiss Count II and Count III [25] is denied. Defendants must file an amended answer to Plaintiff's Second Amended Complaint [21] by February 7, 2024.

**DATED**: January 16, 2024

**ENTERED**:

LaShonda A. Hunt
United States District Judge

---

[8] While Plaintiff's intent is not entirely clear, a generous reading of the SAC suggests that Plaintiff seeks to assert Title IX claims against Superintendent Hertel and Principal Figueroa. To avoid any potential confusion, the Court specifically addresses this issue.